IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MARTINEZ,

    Plaintiff,

    vs.                                  No. CIV. S-09-3046 FCD GGH PS

L. DONALDSON, et al.,

    Defendants.             ORDER

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

The chronology of the complaint is difficult to decipher but appears to allege ineffective assistance of counsel in plaintiff's defense by public defenders Bedford and Woodall. Plaintiff claims that Bedford was acting in concert with the judge and the district attorney on his case to obstruct plaintiff's constitutional rights. He claims that Bedford retaliated against plaintiff during his representation of plaintiff because plaintiff had made a disparaging remark

against Bedford and his homosexual lover, Miss Woodall. Bedford allegedly told plaintiff that he (Bedford) would have the last laugh. (Compl. ¶ 7.) Plaintiff alleges that he had relied on defendants Woodall and Bedford for a "proper and fair defense." (Id. at 16.) Plaintiff also claims he was improperly sentenced under the old indeterminate sentencing law; however, some of the events at issue appear to have taken place in 2007 and 2008. (Id. at ¶ 8, 16.)

Other claims are that other defendants were deliberately indifferent to plaintiff's medical needs while he was incarcerated, and that he was improperly confined to a private prison from 2006 to 2008. (Id. at ¶¶ 15, 12, 13.) He further claims that CDCR parole agents wrongfully removed him from his home without good cause in 2008 and he was illegally transferred from his home to the "Metro Office" in Sacramento. (Id. at ¶¶ 9, 14.)

The aforementioned claims contained several deficiencies. First, if plaintiff is seeking to attack a prior conviction, certain claims may be barred.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

1   Heck, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for
2   damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the
3   conviction or sentence has been invalidated, expunged or reversed.  Id.

4   It appears that plaintiff's conviction has not been invalidated, expunged or
5   reversed.  Plaintiff is ordered to show cause why this action is not barred by Heck.

6   Defendants Bedford and Woodall are public defenders.  As to any public defender
7   who may have represented plaintiff in a criminal matter, plaintiff has failed to state a claim
8   pursuant to 42 U.S.C. § 1983.  In order to state a claim under § 1983, a plaintiff must allege that:
9   (1) defendant was acting under color of state law at the time the act complained of was
10  committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities
11  secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535
12  (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Public defenders
13  do not act under color of state law for purposes of § 1983.  Polk County v. Dodson, 454 U.S.
14  312, 325 (1981).  Plaintiff has not demonstrated how any public defender was acting under color
15  of state law.  Therefore, defendants Bedford and Woodall will be dismissed from this action if
16  plaintiff continues to name them in future amendments.

17  Defendant Dutemple is alleged to be a judge in Tuolumne County.  Judges are
18  absolutely immune from civil liability for damages for acts performed in their judicial capacity.
19  Pierson v. Ray, 386 U.S. 547, 553-559, 87 S. Ct. 1213 (1967).  An act is "judicial" when it is a
20  function normally performed by a judge and the parties dealt with the judge in his judicial
21  capacity.  See Stump v. Sparkman, 435 U.S. 349, 362, 98 S. Ct. 1099 (1978).  Since the alleged
22  actions by Judge Dutemple were made in his judicial capacity, this defendant must be dismissed.

23  Plaintiff has also named prosecutor Knowles as a defendant.  Prosecutors are
24  absolutely immune from civil suits for damages under § 1983 which challenge activities related
25  to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409
26  (1976). Determining whether a prosecutor's actions are immunized requires a functional

1  analysis. The classification of the challenged acts, not the motivation underlying them,

2  determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir.

3  1986)(en banc). The prosecutor's quasi-judicial functions, rather than administrative or

4  investigative functions, are absolutely immune. Thus, even charges of malicious prosecution,

5  falsification of evidence, coercion of perjured testimony and concealment of exculpatory

6  evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608

7  F.Supp. 710, 728 (N.D. Cal. 1984).

8        The allegation against prosecutor Knowles is that he conspired with defendants

9  Dutemple and Bedford to discriminate against plaintiff by giving him a longer sentence. (Compl.

10 at ¶ 8.) Defendant Knowles is also absolutely immune based on the allegations. Therefore,

11 Knowles will be dismissed as a defendant if plaintiff continues to allege claims against him.

12      Plaintiff has failed to link most of the defendants to the alleged violations. He has

13 also failed to allege any violations whatsoever by defendants Donaldson, Tilton, Cooper or

14 Steves.

15      The Civil Rights Act under which this action was filed provides as follows:

16      Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the
17      deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at
18      law, suit in equity, or other proper proceeding for redress.

19 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

20 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

21 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

22 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

23 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

24 omits to perform an act which he is legally required to do that causes the deprivation of which

25 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26 \\\\\

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff will be given the opportunity to amend his complaint to cure the aforementioned defects.  The amended complaint must specifically state how each and every defendant violated plaintiff's constitutional rights.  In the amended complaint, plaintiff shall also clarify how the prison he was illegally confined in was a private prison, and why defendants took him there.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

1  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is reminded that the amended complaint may not include claims challenging the validity of his criminal prosecution for the reasons discussed above.

Good cause appearing, IT IS ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff's complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

3.  Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: March 11, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076/Martinez3046.ifp.wpd